IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN L. BALLARD,

Plaintiff,

vs.

NEBRASKA DEPARTMENT OF
CORRECTIONS ET. AL,

Defendant.

**8:25CV723**

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff Kevin L. Ballard's complaint filed on December 16, 2025. Filing No. 1. Plaintiff is incarcerated within the Tecumseh State Correctional Institution (TSCI) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

**I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff sues NSDC, Barb Lewien, Warden of the Nebraska State Penitentiary (NSP), and Sergeant Derek Harris, an NSP correctional officer, in their official and individual capacities. Plaintiff's complaint alleges as follows.

Plaintiff uses a walker due to recurrent vertigo. He was transferred to a second floor gallery. While difficult at first, within a couple of days, Plaintiff has learned to navigate the stairs to the second floor while using a walker.

2

On June 25, 2025, Plaintiff was experiencing vertigo and related nausea. Harris ordered him to ascend the stairs to the second floor gallery. Plaintiff refused because he was dizzy and believed climbing the stairs would be risky. Harris became angry and ordered Plaintiff to cooperate with being handcuffed. Since without his hands, Plaintiff could no longer use the walker for balance, he dropped to his knees. After being handcuffed, Plaintiff explained he was unable to keep his balance without the walker and told Harris to call for a wheelchair. Plaintiff was escorted to holding in a wheelchair.

While in holding, the vertigo subsided. The captain spoke to Plaintiff and after hearing Plaintiff's explanation of what happened, ordered the walker returned and released Plaintiff from holding.

Upon release, Plaintiff went to the law library. When finished, he began to return to his room It was a very hot and humid day, and Plaintiff again experienced vertigo and nausea. Plaintiff was dizzy as he approached the stairs and leaned on the wall to regain his balance. Harris again demanded that Plaintiff ascend the stairs. Plaintiff explained that he could not until the vertigo subsided. Harris grabbed Plaintiff's walker. Plaintiff dropped to the floor.

Harris got on his knees and struck Plaintiff in the ribs with his fist or knee while demanding that Plaintiff present himself to be handcuffed. Plaintiff's ribs cracked from the force of Harris' assault. At least two additional corporals were called to the location to assist in subduing Plaintiff. As Harris began searching for his mace. Plaintiff yelled and pleaded not to be maced because he has glaucoma. Although Plaintiff was already completely subdued, he was maced at Harris' command.

3

Plaintiff was then rushed to turnkey for decontamination. He was placed on a gurney and while yelling that his ribs were broken, he was forced to lay on his stomach, causing severe pain.

Plaintiff states Harris used excessive force on June 25, 2025, He further alleges the Lewien knew of Harris' overly aggressive behavior, chose not to reprimand him, and instead hid the problem by passing Plaintiff off, with his broken ribs and weakened eyes, to TSCI. Plaintiff claims TSCI did not, or was unable to, treat his broken ribs and failing eyesight.

Plaintiff demands $400,000 in damages for the injuries sustained.

### III. DISCUSSION

#### A. Claim against NDCS

Plaintiff names NDCS in the caption, but the body of his complaint includes no allegations against it. Plaintiff's claim against NDCS, as an agency, must be dismissed.

#### B. Official Capacity Claims Against Lewien and Harris

The State of Nebraska, and NDCS as an arm or agency of the State, are not subject to suit under § 1983. *Yanga v. Nebraska Dep't Corr. Servs.*, No. 8:19CV420, 2020 WL 4784723, at *2 (D. Neb. Aug. 18, 2020). Defendants Lewien and Harris are employees of the State of Nebraska, and Plaintiff has sued them in their official capacities. A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Campbell v. State of Iowa, Third Judicial Dist. Dept. of Corr. Serv.*, 702 F.3d 1140, 1141 (8th Cir. 2013) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.1999)). So, Plaintiff's claims against the Lewien and Harris, in their official capacities, are claims against the State of Nebraska.

Suits for money damages against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th

Cir. 2007) (holding the Eleventh Amendment bars suit against a state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) (holding a suit brought solely against a state or state agency is proscribed by the Eleventh Amendment). And the Eleventh Amendment bars claims for damages by private parties against state employees sued in their official capacities. See *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995); *Novascone v. Nebraska Dep't of Corr. Servs.*, No. 8:19CV201, 2019 WL 6307565, at *2 (D. Neb. Nov. 25, 2019) (dismissing section 1983 suit for money damages against the NDCS director, in his official capacity, under Eleventh Amendment); *Reising v. Lewien*, No. 8:18CV352, 2019 WL 1585142, at *3 (D. Neb. Apr. 12, 2019) (holding section 1983 suit for money damages against unit administrator of CCC and OCC warden, in their official capacities, was barred by the Eleventh Amendment).

Therefore, Plaintiff's claims against NDCS, and Lewien and Harris, in their official capacities, must be dismissed as barred by the Eleventh Amendment.

## C. Individual Capacity Claims Against Lewien and Harris

### 1. Lewien, in her Individual Capacity

Lewien was the NSP warden when Harris allegedly injured Plaintiff, and when Plaintiff was transferred to NDCS. Plaintiff alleges Lewien, in her supervisory role, is responsible for all the alleged misconduct of Harris. However, "[i]t is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, a plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th

Cir. 1985). Supervisors can incur liability only for their personal involvement in a constitutional violation, or when their collective inaction amounts to deliberate indifference to or tacit authorization of violative practices. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)).

Plaintiff's complaint alleges Lewien had "first hand" knowledge of Harris' "overly aggressive behaviors" and failed to reprimand Harris or protect Plaintiff from Harris' aggression. These allegations are conclusory. Plaintiff alleges no facts to suggest any prior conduct by Harris that would give Lewien notice of Harris' alleged angry and violent conduct when confronting inmates. *Perkins v. Hastings*, 915 F.3d 512, 524 (8th Cir. 2019); *Cole v. Does*, 571 F.Supp.3d 1033, 1043 (D. Minn. 2021). And if Plaintiff is claiming Lewien is responsible for the inadequate treatment of his injuries at TSCI, Plaintiff has failed to allege any facts showing personal involvement in Plaintiff's care (or lack thereof), that she made the decision to transfer him to TSCI, or that she knew or should have known Plaintiff would not be medically treated if transferred to TSCI. Plaintiff has failed to state a claim against Lewien, in her individual capacity.

2. Harris, in his Individual Capacity

Plaintiff alleges he was injured due to Harris' use of excessive force. To state a claim for excessive force under the Eighth Amendment, Plaintiff must allege facts showing he was injured when the officers used force, and that force was excessive and applied maliciously and sadistically for the purpose of causing harm and not in a good faith effort to achieve a legitimate penological purpose. *Peterson v. Heinen*, 89 F.4th 628, 635 (8th Cir. 2023).

Here, Plaintiff claims that although he was cooperating with Harris' commands to the best of his ability, and Harris knew Plaintiff was having

6

physical difficulty, Harris struck Plaintiff in the ribs and commanded that he be maced. Plaintiff alleges that as a result, he sustained broken ribs and injuries to his eyes. Considering these allegations true for the purpose of this initial review, Plaintiff has stated a claim against Harris, in his individual capacity, for use of excessive force in violation of the Eighth Amendment.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff's complaint against NDCS, Harris and Lewien, in their official capacities, and Lewien, in her individual capacity, must be dismissed.

Plaintiff's complaint adequately states an Eighth Amendment excessive force claim against Derek Harris, in his individual capacity.

Accordingly,

IT IS ORDERED

1. Only Plaintiff's excessive force claim against Derek Harris, in his individual capacity, may proceed.

2. Plaintiff's claims against the Nebraska Department of Correctional Services, Harris and Lewien, in their official capacities, and Lewien, in her individual capacity, are dismissed.

3. The Clerk of Court is directed to terminate the Nebraska Department of Correctional Services, and Barb Lewien as defendants. The Clerk of Court is further directed to update the caption to reflect that "Derek Harris, in his individual capacity," is the only defendant.

7

4.   For service of process on Derek Harris, in his individual capacity, the Clerk of Court is directed to complete two sets of summonses and USM-285 forms. The service address for the first set of forms is:

Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509.

The service address for the second set of forms is:

Nebraska State Penitentiary
4201 S 14th St.
P.O. Box #22500
Lincoln, NE 68542-2500.

5.   The Clerk of the Court shall forward the summons forms and USM-285 forms together with copies of the Complaint, Filing No. 1, and this Memorandum and Order to the United States Marshals Service.

6.   The Marshals Service shall serve Derek Harris, in his individual capacity, by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency); *see also* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

7.   The Marshals Service shall also separately serve Derek Harris, in his individual capacity, by certified mail or other authorized method of service

at the Nebraska State Penitentiary address shown above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

8. For service by certified mail or designated delivery service, the Marshals Service shall serve Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

9. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[1]

10. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process on Derek Harris, in his individual capacity.

11. Plaintiff is hereby notified that failure to obtain service of process on Derek Harris within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

12. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: May 4, 2026: service of process to be completed.

13. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 2nd day of February, 2026.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

10