IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN L. BALLARD,

Plaintiff,

vs.

DEREK HARRIS, in his individual
capacity;

Defendant.

8:25CV723

MEMORANDUM AND ORDER

This matter is before the Court on several Motions and filings by Plaintiff Kevin Ballard.  On March 10, 2026, Plaintiff filed a "Declaration for Entry of Default," Filing No. 13, which Plaintiff signed on March 3, 2026.  The Court construes the Declaration as a motion for clerk's entry of default.  In the Declaration, Plaintiff asserts that Defendant failed to answer or otherwise respond within 21 days of the date Defendant was served a copy of the Summons and Complaint.  Filing No. 13 at 1.  The record shows that the Summons was executed on Defendant on February 9, 2026, Filing No. 10.  Defendant filed his Answer on March 2, 2026.  Filing No. 11.  Because Defendant timely filed his Answer, the Declaration, construed as a motion for clerk's entry of default, is denied.

Plaintiff also filed a document captioned a "Supplement to Complaint," Filing No. 12.  The Supplement describes Plaintiff's attempts to exhaust his administrative remedies before filing suit, Filing No. 12 at 1, and makes legal arguments about the sufficiency of these attempts, Filing No. 12 at 3.  Plaintiff presumably submitted the supplement in response to Defendant's affirmative defense that Plaintiff failed to exhaust his administrative remedies.  *See* Filing

No. 11 at 4-5.  The Court will not construe the Supplement as a motion to amend the complaint, but Plaintiff may repeat and incorporate the arguments made in the Supplement if Defendant moves for summary judgment.

Plaintiff's Motion for Summons, Filing No. 14, is unclear.  The document purports to be a summons demanding production of documents from Defendant.  *See* Filing No. 14 at 1.  The document later addresses "the Clerk" and states that Plaintiff has no more postage and "they act like [they're] not going to give me my 5 envelopes for the month."  Filing No. 14 at 3.  Plaintiff requests that the Court electronically send "these 2 documents."  *Id*.  It is unclear what Plaintiff wants the Court to send electronically.  However, on the same day Plaintiff filed this "Summons," he also filed his First Request for Production of Documents, Filing No. 16, and his First Set of Interrogatories to the Defendant, Filing No. 17.  Thus, the Court presumes that Plaintiff is requesting that the Court serve his discovery requests on Defendant.

As a preliminary matter, discovery requests and responses must be served directly upon the opposing party.[1]  *See* Fed. R. Civ. P. 33-36.  The Court's local rules further specify that discovery materials "must not be filed until needed for trial, resolution of a motion, or on the court's order."  NECivR 5.4(a).  As such, Plaintiff's discovery requests to Defendant, Filing Nos. 16 and 17, are unauthorized filings which will be ordered stricken from the Court file.

Additionally, Plaintiff's discovery requests are premature as the Court's local rules provide that in pro se cases, after the defendant files an answer, "the court will issue an 'Order Setting Schedule for Progression of Case' addressing discovery and other issues. No discovery may take place until this

---

[1] The Court notes that discovery documents filed with the Court are not deemed to be served in accordance with the applicable Federal Rules of Civil Procedure.

progression order is entered except upon motion and order." NECivR 16.1(c) (emphasis added). Here, the Court has not entered a progression order. Thus, no discovery may take place at this time. *See Brown v. Dep't of Health & Human Servs.*, No. 8:16CV377, 2017 WL 1533386, at *3 (D. Neb. Apr. 26, 2017) ("[D]efendants should not have served any discovery requests until the progression order was entered...."). After the Court enters a progression order, Plaintiff may directly serve his discovery requests on Defendant.

Finally, Plaintiff filed a motion seeking the appointment of counsel. Filing No. 15. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

This is not a complex case, either legally or factually. Plaintiff's pleading is coherent and shows he has a basic understanding of applicable law and procedure. This case is still in an early procedural stage, so there has been no discovery and no need for testimony. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 859 F. App'x at 5 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Declaration for Entry of Default, Filing No. 13, construed as a motion for clerk's entry of default, is denied.

2.     Plaintiff's Motion for Summons, Filing No. 14, is denied consistent with this Memorandum and Order.

3.     Plaintiff's Motion for Appointment of Counsel, Filing No. 15, is denied without prejudice to reassertion.

4.     Plaintiff's discovery requests, Filing No. 16 and Filing No. 17, shall be stricken from the Court file.

Dated this 13th day of May, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

4