IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN L. BALLARD,<br><br>Plaintiff,<br><br>vs.<br><br>DEREK HARRIS, in his individual capacity;<br><br>Defendant. | **8:25CV723**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on several motions. First, Plaintiff Kevin Ballard ("Plaintiff") filed another Motion for Default Judgment, Filing No. 20. As stated in the Court's previous Memorandum and Order, Filing No. 18, Defendant timely filed his Answer, so default is improper. Accordingly, Plaintiff's renewed Motion for Default Judgment is denied.

Plaintiff also filed another motion seeking the appointment of counsel. Filing No. 27. As stated in the Court's previous Memorandum and Order, "[t]here is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Plaintiff's filings are coherent and show he has a basic understanding of applicable law and procedure. This case is still in an early procedural stage, and Plaintiff has shown he can both submit and respond to discovery. Having considered the

factors outlined above, the request for the appointment of counsel will again be denied without prejudice to reassertion.

Defendant filed a Motion to Extend, Filing No. 30, requesting that the Court modify the deadlines in the Court's Progression Order, Filing No. 19. Defendant's Motion points out that, although both parties attempted to serve discovery on each other, due to constricted timelines, both parties' discovery responses would be considered untimely under the Progression Order. *See* Filing No. 30 at 2. Defendant requests that each of the deadlines in the Progression Order be extended 90 days. Plaintiff filed several Motions based on Defendant's supposed failure to comply with the deadlines in the Progression Order. *See* Filing Nos. 26, 28, 29, & 32. Upon consideration and for good cause shown, the Court concludes that Defendant's Motion should be granted and the deadlines in the Progression Order should be extended by 90 days. Plaintiff's Motions will be denied as moot, without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Extend Deadlines in Progression Order, Filing No. 30, is granted.

2. The Magistrate Judge shall enter an Amended Order Setting Schedule for Progression of Case, which will incorporate the extension outlined above, establish a schedule for preparation of the Order on Final Pretrial Conference, and schedule a date for the Final Pretrial Conference commensurate with the extended deadlines.

3. Plaintiff's Motion for Default Judgment, Filing No. 20, is denied.

4. Plaintiff's Motion to Appoint Counsel, Filing No. 27, is denied without prejudice to reassertion.

5. Plaintiff's Motion to Strike Late Discovery Requests, Filing No. 26; Motion for Responsive Pleading, Filing No. 28; Motion for an Order Compelling Discovery, Filing No. 29; and Motion to Strike Defendant's Request to Amend Progression Order, Filing No. 32, are denied as moot, without prejudice to reassertion.

Dated this 18th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge