IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN L. BALLARD,<br><br>Plaintiff,<br><br>vs.<br><br>DEREK HARRIS, in his individual capacity;<br><br>Defendant. | **8:25CV723**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Kevin Ballard's ("Plaintiff") Motions for Leave to File an Amended Complaint, Filing Nos. 33 and 43; and Motion for Deposition, Filing No. 34, which the Court construes as a motion to compel discovery pursuant to Fed. R. Civ. P. 37(a). For the reasons stated below, the motion to compel will be denied and the Motions for Leave to File an Amended Complaint will be granted in accordance with this Memorandum and Order.

## I. Motions for Leave to File Amended Complaint

Ballard moves to file an amended complaint to add, as defendants, the individuals who sprayed him with mace on June 25, 2025. Ballard's original complaint for excessive force alleges that Defendant Derek Harris struck Ballard in the ribs and commanded another guard to spray Ballard with mace. *See* Filing No. 1 at 9; Filing No. 7 at 7. In Ballard's first Motion for Leave to Amend, he claims to have remembered that "Trout" was the staff member who actually sprayed the mace, so Ballard seeks to add Trout as a defendant. *See* Filing No. 33. In Ballard's second Motion for Leave to Amend, he claims that Unit Manager Russell Ogg disclosed that he was the staff member who sprayed

the mace. Filing No. 43 at 1. Though Ballard appears doubtful that Ogg was the one who sprayed the mace, Ballard seeks to add Ogg as a Defendant. *Id.*

Rule 15 of the Federal Rules of Civil Procedure provides "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, Nebraska Civil Rule 15.1 provides that "[a] party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). In pro se cases, the Court may consider an amended pleading as supplemental to the original pleading. NECivR 15.1(b).

Ballard has failed to comply with the local rules of this Court as he did not attach his proposed amended complaint to either of his Motions. However, Ballard's request appears to be straightforward in that he seeks to add at least one defendant who has been identified during the discovery process. The Court cannot construe either Motion as supplemental to the original Complaint, because it is unclear from the Motions whether Ballard seeks to add "Trout," Russell Ogg, or both. Accordingly, the Court shall allow Plaintiff to file an amended complaint within 30 days from the date of this Memorandum and Order.

The Court warns Ballard that an amended complaint will supersede, not supplement, the previously filed Complaint. However, Ballard may incorporate by reference any previously filed exhibits attached to his Complaint, Filing No. 1, rather than re-filing those exhibits. Ballard must include all of the claims he wishes to pursue against all of the individuals that he wishes to proceed against in his amended complaint. Ballard should be mindful to explain in his amended complaint what each defendant did to him, when and where the

defendant did it, and how the defendant's actions harmed him.[1] Ballard is encouraged to use the form complaint enclosed with this order in amending his complaint. If Ballard fails to file an amended complaint by the appointed deadline, the Court will proceed with the original Complaint as the operative pleading.

## II. Motion to Compel

In Ballard's Motion at Filing No. 34, he submits several questions addressed to Defendant Harris and requests that Harris answer the questions as a "written deposition." Filing No. 34 at 1. On the same day Ballard filed his Motion, he also filed a "Brief in Support of Motion to Compel," Filing No. 35. Accordingly, the Court construes Ballard's Motion as a motion to compel discovery. Ballard generally requests that Defense counsel "get on the ball" and answer Ballard's discovery requests.

Ballard's Motion must be denied because he has not made the required showing that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord." NECivR 7.1(j).[2] This rule does not contain an

[1] The Court notes that it has already dismissed claims against Defendant Harris in his official capacity, because such claims are barred by the Eleventh Amendment. *See* Filing No. 7 at 5. Such claims against Trout, Ogg, or both would also be barred by the Eleventh Amendment.

[2] "This showing must also state the date, time, and place of the communications and the names of all participating persons. 'Personal consultation' means person-to-person conversation, either in person or on the telephone. An exchange of letters,

exception for pro se prisoners. *Stanko v. Sanchez*, No. 8:06CV510, 2007 WL 2746859, at *2 & n. 3 (D. Neb. Sept. 18, 2007).

The Court has previously advised Ballard that motions to compel must be accompanied by a showing that Ballard attempted to confer with defendants to obtain the contested discovery without Court action. *See Ballard v. Thurman*, No. 8:23CV178, 2025 WL 3237384, at *2 (D. Neb. Nov. 20, 2025), *aff'd sub nom. Ballard v. Boyd*, No. 26-1005, 2026 WL 2085037 (8th Cir. July 20, 2026). Moreover, in the time since Ballard filed his Motion, the Court has extended discovery deadlines, Filing No. 37 at 1, and there is no indication in the record that Defendant has violated these deadlines. Because Ballard has not made the requisite showing, the Motion to Compel must be denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff Kevin Ballard's Motions for Leave to File an Amended Complaint, Filing Nos. 33 and 43, are granted.

2. On or before **December 4, 2026**, Ballard must file an amended complaint in accordance with this Memorandum and Order. If Ballard fails to file an amended complaint or seek an extension to do so prior to the expiration of the deadline, this matter will proceed with the original Complaint, Filing No. 1, as the operative pleading.

3. If Ballard files an amended complaint and either party determines that additional discovery is necessary, either party may move to extend the deadlines in the Court's Amended Progression Order, Filing No. 37.

---

faxes, voice mail messages, or e-mails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party." NECivR 7.1(j).

4. The Clerk of Court is directed to set the following pro se case management deadline in this case: **December 4, 2026:** Check for amended complaint.

5. The Clerk of Court is directed to send to Ballard the Form Pro Se 14 ("Complaint for Violation of Civil Rights (Prisoner)").

6. Ballard's Motion for Deposition, Filing No. 34, which the Court construes as a motion to compel discovery pursuant to Fed. R. Civ. P. 37(a), is denied.

Dated this 4th day of November, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge